**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br>　　v.<br><br>$13,320.00 In United States Currency,<br><br>　　　　Defendant,<br><br>And Regarding the Interest of<br>Terence Charles Smith,<br><br>　　　　Potential Claimant. | CIV 05-0715-PHX-EHC<br><br><br>JUDGMENT |

Plaintiff, United States of America, by and through its attorney, Paul K. Charlton, United States Attorney for the District of Arizona, Reid C. Pixler, Assistant United States Attorney, of counsel, and TERENCE CHARLES SMITH, hereafter claimant, by and through Stephen R. Glazer, have executed and presented a stipulation regarding the interest of claimant in the above captioned defendant to resolve the outstanding issues in this matter. The Court being advised in the premises and no objection appearing, it is:

ORDERED that nothing in the stipulation nor this Order shall be admissible in any criminal matter reasonably related to the allegations contained in the civil forfeiture complaint filed in this action, absent specific approval and consent obtained in writing from Claimant.

IT IS FURTHER ORDERED that the interest of claimant in the sum of approximately $9,990 is forfeited to plaintiff pursuant to the relevant portions of 21 U.S.C. § 881 as alleged in the complaint and stipulation. This portion of the defendant in the amount of $9,990 shall be disposed of by the United States Marshals Service. The United States Marshals Service may

recover the costs associated with defendants, including the cost of publication, administration, and storage from the defendants.

IT IS FURTHER ORDERED that the sum of $3,330 shall be delivered to TERENCE CHARLES SMITH, by and through his attorney, Stephen R. Glazer, as soon as is reasonably practical after the execution of this Order.

Claimant has stipulated to and accepts the release of $3,330 in full and complete satisfaction of the claims made by Claimant to the property seized in this action. Claimant has also agreed to release and forever discharge all state and local law enforcement officers identified in the complaint or in the discovery, the United States and the Department of Justice, the Drug Enforcement Administration, the United States Marshals Service and all officers, employees, contract employees, agents, and task force agents from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the above-captioned defendant.

The Court finds that at the time of the seizure the agents investigating the acts described in the complaint had reasonable cause for the seizure of the funds, pursuant to 28 U.S.C. §2465. The Court also finds that claimant did not substantially prevail regarding the disposition of the defendant property included herewith, but received the benefit of a settlement agreement which substantially served the ends of justice. Each party is responsible for their respective costs and attorney fees.

DATED this 24th day of January, 2006.

_____
Earl H. Carroll
United States District Judge